IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZAYZHON THOMPSON                                                    PETITIONER

v.                       NO. 4:20-cv-00199 BRW-PSH

DEXTER PAYNE                                                         RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

On April 28, 2016, petitioner Zayzhon Thompson ("Thompson") and a co-defendant were convicted in Pulaski County Circuit Court of "one count Class Y aggravated burglary, two counts of Class Y aggravated robbery, one count of Class B theft of property, and two counts of Class D terroristic threatening." See Anderson v. State, 2017 Ark.App. 300, 1, n.1, 2017 WL 1951868 (2017). See also Docket Entry 11, Exhibit A-1. Thompson and his co-defendant were also convicted of six counts of the firearm enhancement codified in Arkansas Code Annotated section 16-90-120. Thompson and his co-defendant were sentenced to the custody of the Arkansas Department of Correction ("ADC").

Thompson and his co-defendant appealed and raised one claim for reversal. It was their contention that "… the firearm-enhancement statute is a lesser-included offense of any crime for which use of a firearm is an element, thereby making their sentences for both the underlying felonies and the firearm enhancement illegal." See Anderson v. State, 2017 Ark.App. 300, 1. The Arkansas Court of Appeals found no reversible error and affirmed their convictions on May 10, 2017. The state Court of Appeals gave the following reasons for doing so:

2

> Although [Thompson and his co-defendant] admit that they never raised this issue below, [they] argue that they should be permitted to raise, for the first time on appeal, the contention that their convictions for felonies involving the use or possession of a firearm (aggravated burglary and aggravated robbery), combined with the application of a firearm enhancement to each of those counts, violates Arkansas Code Annotated section 5-1-110 (Repl. 2013), which states that a defendant cannot be convicted of both a criminal offense and a lesser-included offense of that crime. Their argument fails for two reasons. First, it is not an attack on an illegal sentence but rather a double-jeopardy challenge, and therefore it is not preserved for our review. Additionally, this argument has already been directly addressed and rejected. Scott v. State, 2011 Ark.App. 296, at 8-9, …

See Id. at 1-2.[1] Thompson and his co-defendant had eighteen days within which to seek review from the Arkansas Supreme Court, see Rule 5-3(a) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, but they never sought additional appellate review.

---

[1]   In Scott v. State, the state Court of Appeals found the following with respect to the argument that a conviction for a felony involving the use or possession of a firearm, combined with the application of a firearm enhancement to the count, violates Ark. Code Ann. 5-1-110:

> … the firearm enhancement under section 16-90-120 is not a substantive criminal offense; rather, it is a sentencing enhancement specifically intended to provide additional punishment for the use of a firearm during the commission of the underlying felony itself. Thus, the enhancement provision does not violate section 5-1-110(a)'s proscription against being convicted of more than one "offense" under the circumstances set out in the statute, and [Scott and a co-defendant's] double-jeopardy rights were not violated. …

See Id., 2011 Ark.App. 296, 9.

On July 31, 2018, Thompson filed a petition for writ of habeas corpus in Pulaski County Circuit Court. See Docket Entry 11, Exhibit B-1. In the petition, he raised the same claim he raised on direct appeal. The petition was denied on March 5, 2020, see Docket Entry 11, Exhibit A-2 at CM/ECF 21, and he did not appeal the denial of his petition.

On February 25, 2020, Thompson began the case at bar with the assistance of counsel by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, Thompson challenged his convictions and raised only one claim, i.e., the firearm-enhancements were lesser-included offenses of the underlying felonies.

Respondent Dexter Payne ("Payne") filed an amended response to Thompson's petition. In the amended response, Payne maintained that the petition should be dismissed because it is barred by limitations; the one claim is procedurally barred from federal court review; and, alternatively, the state Court of Appeals' adjudication of the claim is entitled to due deference under 28 U.S.C. 2254(d).

Before giving serious consideration to Payne's assertions, the undersigned accorded Thompson an opportunity to file a reply. Thompson filed a response in which he represented that he would stand on the assertions contained in his petition.

4

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, excluding any applicable periods of tolling, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.

Payne maintains that the limitations period in this case is found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. He maintains that the one-year period here began on May 29, 2017, and concluded on May 29, 2018. In support of his position, he represents the following:

> … Thompson appealed his convictions to the Arkansas Court of Appeals, and because he did not seek further direct review in the state's highest court, his judgment became "final" on the date that the time for seeking such review expired. … The Arkansas Court of Appeals entered its decision affirming Thompson's convictions on May 10, 2017. … Thompson had 18 calendar days from that date to petition the Arkansas Supreme Court for review. … He did not file a petition for review; therefore, his judgment was final on May 29, 2017, when the time for seeking review expired. [Footnote omitted] … Consequently, Thompson's petition was due to be filed one year later, on May 29, 2018, excluding any applicable periods of tolling.

See Docket Entry 8 at CM/ECF 4-5.

5

Payne's position has merit and is adopted. The limitations period in this case is that found in 28 U.S.C. 2244(d)(1)(A). The state Court of Appeals affirmed Thompson's convictions on May 10, 2017, and he had eighteen days within which to seek additional review from the state Supreme Court. When he did not seek additional appellate review within the eighteen day—actually nineteen day—period, his convictions became "final" for purposes of 28 U.S.C. 2244(d)(1)(A). See Gonzalez v. Thaler, 565 U.S. 134 (2012) (for petitioner who did not seek review in a state's highest court, judgment becomes final on date the time for seeking such review expires).[2] The nineteen day period concluded on May 29, 2017, and the one-year period began the following day. Thompson had up to, and including, May 29, 2018, to file a timely petition pursuant to 28 U.S.C. 2254. Thompson, though, waited until February 25, 2020, to file the petition at bar. It is therefore untimely. The only question is whether there is some reason for tolling the one-year period or excusing the untimely filing of his petition.

---

[2]   Payne correctly notes that because the eighteenth day fell on Sunday, May 28, "the last day for filing the petition for review in the Arkansas Supreme Court was extended to the next business day, May 29, 2017." See Docket Entry 8 at CM/ECF 5 n.4. In addition, although it appears that an appellate court mandate was entered on the trial court docket after the expiration of the nineteen day period, "the date of the appellate court's mandate is no longer relevant for federal habeas limitations purposes." See Trice v. Hobbs, 2012 WL 1950423, 2, n.3 (E.D.Ark. 2012) (Kearney, M.J.), report and recommendation adopted, 2012 WL 1950416 (E.D.Ark. 2012) (Moody, J.).

6

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. This provision is of no benefit to Thompson for two reasons.

First, it is true that Thompson filed a petition for writ of habeas corpus in state court. He did not file the petition, though, until July 31, 2018, or approximately two months after the one-year period expired. The time the petition was pending did not and cannot toll the one-year period.

Second, Thompson filed his petition for writ of habeas corpus in Pulaski County Circuit Court but was at that time housed in the ADC's Cummins Unit, which is located in Lincoln County. "Under Arkansas law, only circuit courts in counties where habeas petitioners are incarcerated have personal jurisdiction to order a prisoner's release." See Lewis v. Norris, 454 F.3d 778, 781 (8th Cir. 2006). See also Ark. Code Ann. 16-112-105; Noble v. State, 2018 Ark. 2, 534 S.W.3d 717 (2018). His petition was not "properly filed" as it was filed in the wrong county.

Although 28 U.S.C. 2244(d)(2) affords Thompson no benefit, the one-year period for filing a timely petition pursuant to 28 U.S.C. 2254 may be equitably tolled in appropriate cases. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016).

7

> ... "Equitable tolling ... asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." ... "[E]quitable tolling affords the otherwise time-barred petitioner an exceeding narrow window of relief. ..." ... "The one-year statute of limitations may be equitable tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.' ...

See Id., at 1195. [Citations and italics omitted].

Equitable tolling is not justified in this instance because Thompson has not shown that an extraordinary circumstance stood in his way and prevented him from filing a timely petition. He knew, or should have known, of the one claim he advances in the petition at bar by no later than the time of his trial, which was in July of 2016. At a minimum, he knew of the claim by the time of his direct appeal, which concluded on May 10, 2017, when the state Court of Appeals affirmed his convictions.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, 2018 WL 3193807, 1 (E.D. Ark. 2018) (Baker,

J.) [quoting McQuiggin v. Perkins, 569 U.S. 386-87]. "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Id. [quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)].

The actual innocence gateway affords Thompson no benefit here. He has offered no new evidence suggesting that he is innocent. In short, he cannot show that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Given the foregoing, Thompson's petition is untimely as it was filed after the conclusion of the one-year period. There is no reason for tolling the one-year period or otherwise excusing the untimely filing of his petition. It is therefore time barred. The undersigned recommends that the petition be dismissed, all requested relief be denied, and judgment be entered for Payne.

DATED this 18th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE